Simpson v. United States

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of July, two thousand seventeen.

PRESENT: DENNIS JACOBS,
　　　　　PIERRE N. LEVAL,
　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　　　　Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
DAVID Z. SIMPSON,
　　　　Petitioner-Appellant,

　　　　-v.-　　　　　　　　　　　　16-1522

UNITED STATES OF AMERICA,
　　　　Respondent-Appellee.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:　　　　　NORMAN TRABULUS; New York, NY.

FOR APPELLEE:　　　　　J.E. SHREVE ARIAIL (Peter A. Norling, on the brief) for Bridget M. Rohde, Acting United States Attorney for the Eastern District of New York; Brooklyn, NY.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Johnson, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

David Z. Simpson appeals from a final order entered in the United States District Court for the Eastern District of New York (Johnson, J.) denying his motion for relief pursuant to 28 U.S.C. § 2255.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Simpson was convicted after jury trial of (1) conspiring to import and (2) importing into the United States 500 grams or more of cocaine in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(2)(B)(ii), and 963; and (3) conspiring to possess with intent to distribute and (4) attempted possession of 500 grams or more of cocaine in violation 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii)(II), and 846.  He was sentenced to four concurrent terms of 135 months of incarceration and five years of supervised release.  His conviction was affirmed in United States v. Simpson, 443 Fed. App'x 625 (2d Cir. 2011).

Simpson collaterally attacks that conviction in this § 2255 action, arguing that the government violated the rule of Brady v. Maryland, 373 U.S. 83 (1963), by failing to disclose prior inconsistent statements allegedly made by government witness Michelle Yearwood; or, if the government did disclose those statements, that Simpson's trial counsel was unconstitutionally ineffective because he failed to use those statements to impeach Yearwood.  Simpson infers that Yearwood made prior inconsistent statements on the basis of two documents from the separate prosecution of co-conspirator Sheldon Holder: a criminal complaint filed against Holder and his presentence investigation report.

The government is obligated under Brady to disclose favorable evidence to the defense that is material to guilt or punishment.  To establish a Brady violation, a defendant must show that: (1) the evidence at issue was favorable to the accused,

2

(2) the government suppressed that evidence, and (3) prejudice ensued. See Strickler v. Greene, 527 U.S. 263, 281-82 (1999). "For Brady purposes, information is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." United States v. Madori, 419 F.3d 159, 169 (2d Cir. 2005) (citation and quotation marks removed). Whether an alleged Brady violation is material presents a mixed question of law and fact that is reviewed de novo, with "great weight" given to the district court's factual conclusions regarding the effect of nondisclosure. Id.

Assuming arguendo that Simpson's inference is correct--and the apparent inconsistency between Yearwood's testimony and the documents from the Holder case reflects a prior inconsistent statement that the government failed to disclose--Simpson has not established prejudice. Materiality is assessed in light of the evidence adduced at trial, because "the strength of the independent evidence . . . increases the degree of significance that would need to be ascribed to the withheld impeachment evidence in order for it reasonably to undermine confidence in the verdict." United States v. Orena, 145 F.3d 551, 559 (2d Cir. 1998). The evidence that the government adduced included Simpson's arrest at the airport while picking up a courier, the phone and parking records connecting him to Yearwood at the times of her flights, and the notes in his pockets connecting him to other co-conspirators. We agree with the district court that this corroborating evidence supports the conclusion that the lost opportunity for marginally more impeachment of Yearwood does not undermine confidence in the verdict.

Accordingly, and finding no merit in appellant's other arguments, we hereby **AFFIRM** the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK